HARRY W. CUMNOR, TRUSTEE, *vs.* BENJAMIN SEDGWICK
ET AL.

Third Judicial District, New Haven, October Term, 1895. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The parties to an action, which had been substantially heard upon the
issues raised by the pleadings, in view of pending negotiations for an
amicable settlement and to prevent unnecessary increase in the expense
"by the entering up of judgment," stipulated in writing, by their
respective attorneys, that judgment might be rendered on a stated
day in the future "by the clerk, in term time or vacation," in favor of
the plaintiff for a certain sum and costs. This stipulation was duly
filed and approved in writing by the trial judge; and on the day men-
tioned (no amicable settlement having been reached) judgment was
rendered pursuant to the agreement, as evidenced by the judgment file
in the usual form. *Held:*—

1. That the stipulation, when read as a whole and in the light of the
attendant circumstances, did not empower or require the clerk to ren-
der judgment, but only to enter it up.
2. That the judgment file plainly showed that the court, and not the clerk,
rendered the judgment; and that the record was conclusive upon this
appeal.
3. That the defendants' allegation, in their reasons of appeal, that the
judgment was rendered by the clerk, was not legally assignable as error
since it contradicted the record.

The defendants also assigned as error certain rulings of the court respect-
ing the pleadings, but did not claim that the judgment rendered was
not in accord with the terms of the stipulation, or that it was unjust or
inequitable, or, that upon a new trial any other judgment would or
ought to be rendered. *Held* that the defendants could not now avail
themselves of these alleged errors, since the stipulation thus solemnly
entered into must be regarded, in legal effect, as a judgment by con-
fession, and as such, final and conclusive upon the parties, irrespective
of possible errors in earlier stages of the trial.

[Submitted on briefs October 25th—decided November 22d, 1895.]

SUIT to foreclose certain real estate, brought to the Su-
perior Court in New Haven County and tried to the court,
*George W. Wheeler, J.;* facts found and judgment rendered
for the plaintiff, and appeal by the defendants for alleged
errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*John O'Neill*, for the appellants (defendants).

It seems that the attorneys agreed that on June 20th, 1895, the clerk might enter up a judgment in favor of the plaintiff. It is doubtful if attorneys at law have any such power as the attorneys here assumed to exercise. *Daniels v. New London*, 58 Conn., 157. A clerk has no jurisdiction to enter up judgments. Jurisdiction comes from the sovereign. Parties even cannot confer it. It certainly is doubtful if a married woman can agree that a judgment may be entered up against her by the clerk of a court, and that he may fix a law day beyond which she is not entitled to redeem her property.

The agreement is, that on the motion of the plaintiff the clerk may enter judgment. There is nothing in the record to show that the plaintiff made any such motion, or that the clerk did not enter up a judgment of his own volition.

*George E. Terry*, for the appellee (plaintiff).

If the pleadings were correctly disposed of by the court, and if the facts were properly adjudicated upon, the defendants cannot be injured by any possible peculiarities in the method of rendering judgment. 1 Amer. & Eng. Ency. of Law, 954; *Union Bank v. Geary*, 5 Pet., 99; *Denton v. Noyes*, 6 Johns. (N. Y.), 296.

The attorney signing the agreement was the duly and regularly authorized attorney of record, was present, and had full knowledge of the facts. If so, it is immaterial how or when such judgment is rendered. *Gifford v. Thorn*, 9 N. J. Eq., 702; 2 Freeman on Judgments, § 500. There was no fraud, mistake, inadvertence or collusion, and, further, no injury.

This judgment is the judgment of and by the court, and cannot be disputed. *Colt v. Haven*, 30 Conn., 199.

TORRANCE, J. Upon this appeal five errors are assigned. The first four are based upon the action of the court in overruling a demurrer to the complaint, and in sustaining de-

murrers filed to certain paragraphs of the answers and to the " cross bill," while the fifth arises out of the claim that the judgment appealed from was rendered by the clerk of the court, and that no judgment in the cause was ever rendered by the court.

In the view we take of the case, a decision of the points involved in the fifth assignment of errors will dispose of the case; but before proceeding with the discussion of those points, it may be well to make a preliminary statement showing under what circumstances the agreement, hereinafter referred to, and upon the effect of which the decision hinges, was signed.

This suit, seeking to foreclose a mortgage of real estate, was brought to the Superior Court in September, 1894. The defendants therein were Benjamin Sedgwick and Sarah, his wife, and Charles G. Belden, the trustee in insolvency of Benjamin Sedgwick; while the plaintiff was, or claimed to be, the trustee for certain creditors of the Sedgwicks. In November, 1894, the defendants filed a demurrer to the complaint, substantially on the grounds that it showed on its face that the real indebtedness secured by the mortgage deed was not described nor mentioned in said deed; and that it further showed on its face that the note and mortgage upon which the suit was based, were given upon conditions which had never been performed.

At the same time the defendants also filed an " Answer and Cross-bill " consisting of three separate defenses, and an answer in the nature of a cross-complaint asking for certain equitable relief.

In December, 1894, the demurrer to the complaint was overruled. In March, 1895, the plaintiff filed a reply to the " Answer and Cross-bill," in which he denied certain paragraphs thereof, and demurred to certain others, and demurred to the " Cross-bill ; " and these demurrers were subsequently sustained.

Thus the pleadings stood in May, 1895, when the cause came on for trial. Whether the case was tried in full or not, the record, outside of the judgment and the agreement to

be presently stated, does not disclose. In the plaintiff's brief it is stated that " the case was tried before Hon. George W. Wheeler in May, and on May 21st was partly heard." The judgment is in the usual form, and clearly imports a full hearing; while the agreement itself, as will be seen, seems to indicate that at the time it was entered into, the case had been either wholly or partially tried, and that nothing remained to be done but to render and enter up judgment.

In this condition of things the parties, on the 29th of May, 1895, by the attorneys of record who had from the beginning appeared for them—and so far as the record discloses in open court and in the presence of the judge—entered into the following agreement in writing :—

" It is hereby agreed by the attorneys for the parties in the case of Henry W. Cumnor, Trustee, vs. Benjamin Sedgwick and others, now pending in the Superior Court of New Haven County, and standing upon the Waterbury docket, that judgment may be rendered on June 20th, 1895, by the clerk, in term time or vacation, upon the application of the plaintiff or his attorneys for the foreclosure of said mortgage, and judgment for the plaintiff in the sum of six thousand three hundred and thirty-five dollars and twenty-five cents ($6,335.25) (being the debt, $5,986.01, the sum shown upon Exhibit B, and interest thereon from the 9th day of June, 1894, the date hereof, $349.19) and costs taxed at $         , and that the law day for the parties shall be on the 1st Tuesday of August, 1895. The reason for this agreement being that negotiations for settlement being now pending it is considered unnecessary to increase the expense by the entering up of judgment. It is agreed that otherwise the judgment may be entered up by the clerk in the usual form. Dated at Waterbury this 29th day of May, 1895."

After being approved in writing, upon its face, by the judge holding said court, the agreement was filed in court on the day of its date.

The judgment in the cause, which is entered up in the usual form, purports to have been rendered by the court on the 20th of June, 1895 ; its terms are in substantial accord

with the terms of the agreement; and no claim is made that the judgment is other than what it was solemnly agreed it should be.

The same attorneys who signed the agreement on behalf of the defendants, now seek to repudiate it on behalf of the same defendants; not on the ground that the judgment entered up in pursuance of it is different in any respect from that which they agreed to, nor because it works them the slightest injustice, but because, as they claim, it was rendered by the clerk and not by the court, and is therefore erroneous.

Now even if the record clearly sustained this claim, it is very questionable whether the defendants, under the circumstances of this case and upon this appeal, could avail themselves of such a mere technicality. Certainly we think it would be the duty of the court to go as far as the law would permit, to sustain a judgment made in pursuance of such an agreement as the present. But the record does not sustain this claim, and so we need not consider the question above suggested.

The claim for relief under the fifth assignment of error, is based upon two assumptions, both of which are groundless. The first is that the agreement empowered and required the clerk to render the judgment; and the second is that the record shows that the clerk did in fact render the judgment, and that no judgment was ever rendered by the court.

As to the first assumption, we do not think the agreement, when read as a whole and in the light of the circumstances under which it was made, either empowers or requires the clerk to render the judgment, but only to enter it up. The only reason why judgment was not entered up on the day the agreement was made, was the desire of the parties to save additional expense. They deemed it " unnecessary to increase the expense by the entering up of judgment." It was not the rendition, but the entry, of judgment that would make expense, and it was of the entry of judgment that they were chiefly thinking. If the negotiations for a settlement were successful, there would be no need to enter up the judg-

ment; and if they were not, then "the judgment may be entered up by the clerk in the usual form."

The amount of the indebtedness was ascertained and agreed to, the interest thereon was computed up to the day of the agreement, and the law day was fixed. The essential elements of the judgment were thus agreed to by the attorneys for all concerned; and the court by its action on the agreement says, in effect, this shall be the judgment to be entered up by the clerk, when it is entered up. Nothing was left to the discretion of the clerk in the entire matter.

On the whole, we think the agreement after it was approved by the court, should be construed as relating to the entry and not to the rendition of the judgment; as empowering the clerk to enter up on June 20th, if the parties failed to settle, a judgment which the court then rendered; and not to enter it up, if they did settle the case.

But if we are wrong in this, and the agreement is to be regarded as one empowering and requiring the clerk to render as well as to enter judgment, this will not avail the defendants here, unless the record shows that the clerk and not the court did in fact render the judgment.

What the defendants complain of is, not that they empowered the clerk to render the judgment, but that he rendered it in pursuance of their agreement. They assume that the record shows that the clerk and not the court rendered the judgment—and as before stated we think this assumption is wholly groundless. The record plainly shows that the judgment and the only judgment rendered in the case, was rendered by the court. This is the record of a court of general jurisdiction, and is conclusive upon this point upon this appeal. Upon this point then, that the judgment was rendered by the clerk and not by the court—which is the main claim made under the fifth assignment of error—the assignment clearly contradicts the record; and it is elementary law that nothing which does this can be assigned for error. *Wetmore v. Plant*, 5 Conn., 541; *Burgess v. Tweedy*, 16 id., 39. It thus appears that there is no foundation for any of the claimed

errors of law set forth in the fifth assignment of errors, and therefore upon that assignment the defendants must fail.

This being so, the question remains whether the defendants can now and here avail themselves of any of the other claimed errors assigned. As the case now stands before us, it is one where the judgment was rightly rendered pursuant to the agreement of the parties; it is one where the defendants have admitted in the most formal and solemn manner known to the law that the plaintiff is entitled to that judgment; it is one in which no claim is even now made that the judgment is in any respect an unjust or inequitable one, or that it ought in any respect to be changed or modified; or that upon a new trial any other ought to be rendered.

Assuming now for the moment, that the court erred in the matter of the demurrers, as claimed by the defendants, the question is whether those errors can here and now avail the defendants, in view of the agreement subsequently made and the admissions therein contained.

This agreement was in effect an absolute and unqualified admission that the amounts therein stated were then and there due from the Sedgwicks to the plaintiff, that he was entitled to a decree of foreclosure, and that judgment accordingly ought to be rendered in his favor. The agreement was entered into after all the pleadings had been filed, and the case either entirely or substantially heard. It was entered into by both sides in good faith, with full knowledge of all the facts, and after full consideration. It was, and was intended to be, final and conclusive upon all concerned, for its terms were to be merged in a final and conclusive judgment. The agreement was, and was intended to be, in effect, a confession of judgment made to save further time and expense to all concerned, and it should now be treated as such.

"Judgments entered for the plaintiff, upon the defendants' admission of the facts and the law, as the same are known to the common law, and exist independently of statutes, are of two varieties; first judgment by *cognovit actionem*, and second by confession *relicta verificatione*. In the former case the defendant after service, instead of entering a plea, acknowl-

edges and confesses that the plaintiff's cause of action is just and rightful. In the latter case, after pleading and before trial, the defendant both confesses the plaintiff's cause of action and withdraws or abandons his plea or other allegations, whereupon judgment is entered against him without proceeding to trial." 1 Black on Judgments, § 50.

We think this agreement should be treated as in effect a confession of the latter kind above mentioned; and when it was made the demurrers and answers were in effect withdrawn, and the case stood just as if they had never been filed.

To hold otherwise would make this agreement merely a snare to the plaintiff. In this view of the matter, we hold that the defendants cannot upon this appeal avail themselves of the first four errors assigned, even on the assumption that the court did really err as claimed. Even on that assumption the errors claimed did the defendants no harm.

This conclusion makes it unnecessary to further consider the first four assignments; but we may add that we discover no error in the action of the court in overruling the demurrer to the complaint, nor in sustaining the other demurrers; except the merely technical error, in this last matter, of sustaining demurrers in some instances where they did not comply with the statute in specifying distinctly the reasons why the pleading demurred to was insufficient. The demurrers to the "cross-bill" and to paragraphs two and three of the second defense, were defective in this respect; but for the reasons before given, this cannot now be of any avail to the defendants.

There is no error.

In this opinion the other judges concurred.