## THE FIDELITY AND CASUALTY COMPANY OF NEW YORK
## *v.* JACOB RUPPERT, INC.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 7, 1948—decided January 7, 1949

*John E. McNerney,* with whom was *Francis J. Moran,* for the appellant (defendant).

*William B. Fitzgerald,* for the appellee (plaintiff).

BROWN, J.   The plaintiff was the insurer against public liability of Michael J. and Margaret E. Shea, owners of a building in Waterbury who occupied the ground floor with cellar beneath as a restaurant and bar.   In delivering beer there, the defendant's employees opened and negligently left unguarded a trap door in the adjoining public sidewalk, and Thomas Moriarty fell into it and was injured.   He sued the Sheas and the Ruppert company and recovered judgment by consent against them jointly for $9000.   The present plaintiff paid one-half of the judgment and brought this action against the Ruppert company to recover the amount so paid plus expenses incurred in defending the Moriarty suit.   The court rendered judgment for the plaintiff for $5150 and the defendant has appealed.

The further material facts contained in the court's finding, any attack upon which is abandoned in the defendant's brief, may be thus summarized:  The trap door consisted of two leaves, one foot and ten inches wide each, which opened up and apart to a perpendicular position at right angles to the curb. The floor of the cellar was about six feet three inches below.   A bar was provided to keep the leaves upright when they were open.   About 11 a.m. on July 7, 1944,

the defendant's two employees in delivering the beer stopped its truck at the curb by the trap door. One went to the cellar and unbolted the trap door, and at his direction the other opened up both leaves but did not use the bar provided to keep them in position. Instead he walked away and left the opening unguarded. The door while closed was safe for use by pedestrians but when so left open and unguarded rendered the sidewalk dangerous. Moriarty, in the exercise of reasonable care, came out of the restaurant, tripped over the immediately adjacent leaf of the door and fell into the cellar, sustaining serious injuries. Prior to Moriarty's fall neither of the Sheas gave any instruction that day to either of the defendant's employees, and none had been given as to the manner of delivering beer upon previous occasions. Neither of them had participated in the opening or use of the trap door by the defendant at any time; all of these operations were carried out solely and exclusively by its employees, whose conduct constituted active wrong doing.

During the trial of Moriarty's case before a jury, the attorneys for the defendants in that action and their insurers agreed that Moriarty's offer to accept $9000 in compromise should be accepted, provided a payment by each insurer of $4500 could be made without prejudice to the right of the Sheas, the Ruppert company, and their insurers to establish their rights inter se in proper litigation between them to determine which of the parties were primarily and which secondarily liable to Moriarty, whether they were joint tort-feasors and whether either party was entitled to recover from the other any payment made to Moriarty in compromise of his pending action. A written agreement to this effect was prepared which expressly provided for the payments to Moriarty and against the waiver of

any rights which either defendant in that action might have to sue the other for indemnity and reimbursement for any payment made under the agreement. This was not executed, however, because counsel for the present plaintiff suggested that his client's rights to recover of the present defendant would be better protected if any payment to Moriarty was made under the compulsion of a judgment in favor of the latter and against both. Counsel for the present defendant acquiesced and on December 4, 1946, judgment was entered upon oral stipulation for Moriarty to recover of the Sheas and the Ruppert company $9000 without costs. The plaintiff as insurer of the Sheas and the defendant each paid $4500 to Moriarty in satisfaction of the judgment in accordance with the agreement. The payment was made by the plaintiff with the understanding by counsel for the parties that indemnity would be claimed by it from the defendant. The plaintiff incurred expenses of $650 in the necessary investigation and defense of Moriarty's action against the Sheas. In the Moriarty action, the parties were at issue upon the pleadings as to the alleged negligence of the Ruppert company and of the Sheas and as to the alleged contributory negligence of Moriarty. No pleadings were filed by the defendants in that action adversary to each other, and the pleadings presented no basis for litigation of their rights inter se.

The gist of the court's vital conclusions is: The defendant was guilty of negligence rendering it primarily liable for Moriarty's injuries; the Sheas were liable for constructive negligence only; the judgment in the Moriarty action was not res adjudicata of the issue in this action; the expenditures by the plaintiff for the account of the Sheas as their assured were properly, judiciously and reasonably made; it is not precluded by estoppel from a right to recover.

Three principal contentions are relied upon by the defendant in its brief: The plaintiff and defendant were joint tort-feasors so that the rule of contribution or indemnity is not applicable; the decision in the Moriarty action is res adjudicata as to the issues in this action; the plaintiff is estopped from recovering from the defendant money voluntarily paid in satisfaction of the judgment entered on the oral stipulation. The defendant concedes that the plaintiff as insurer stands in the shoes of the Sheas. The general proposition that contribution does not lie between joint tort-feasors is not questioned; *Caviote* v. *Shea*, 116 Conn. 569, 575, 165 A. 788; and it is also undisputed that this court recognized an exception to that rule in the recent case of *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.*, 133 Conn. 536, 52 A. 2d 862. We there quoted (p. 542) the rule as it is stated in 38 A. L. R. 566: "Where two parties are jointly liable in respect to a tort, one of them for the reason that he is the actual wrongdoer, and the other for the reason that the tort constituted a violation of a positive duty, the latter is entitled to recover from the former the amount which he has been compelled to pay as damages for the injury. The rationale of this rule is that the latter party is chargeable merely with 'constructive fault' and is consequently not in pari delicto with the former. In this point of view, the applicability of the rule is negatived, wherever it appears that the party seeking indemnity was himself guilty of affirmative misconduct which was a proximate cause of the injury in question. The plaintiff in an action against the contractor cannot recover unless he shows that 'the active negligence and wrong which caused the injury' in question were the 'negligence and wrong of the defendant or, in other words, that the defendant was the party primarily liable for the wrongful act which oc-

casioned the injury in respect of which the plaintiff has been compelled to pay damages.' "

The plaintiff claims that the *Preferred Accident Ins. Co.* case is on all fours with this one and constitutes controlling authority. The defendant's contention is that the principle of the former case should not be held determinative of this appeal, either, first, because this court should reconsider the question and abolish the exception or, second, because the judgment in the Moriarty case was entered by consent. The opinion in the *Preferred Accident Ins. Co.* case so clearly recites the reasons for our adoption of the principle and the ample weight of authority which supports it that it would serve no purpose to enter upon another discussion of the question. We are satisfied that the rule as adopted is justified both on principle and authority and should not be disturbed. What we said in that opinion at pages 539 and 540 concerning res adjudicata is also applicable here and, unless the defendant prevails upon the second ground, is conclusive that the Moriarty judgment does not constitute res adjudicata precluding the plaintiff's right of recovery in this action.

Since, as the defendant points out in its brief, the proposed agreement between the present plaintiff and defendant for consummating a settlement of the Moriarty action "without prejudice" to their rights inter se was abandoned, the only question upon the second ground is whether the fact that the judgment was entered by consent in fulfillment of the oral stipulation varies the rule in the *Preferred Accident Ins. Co.* case. Under that rule, entitling the plaintiff to reimbursement, the basis of recovery is a right of indemnity against the defendant for the money which the plaintiff was compelled to pay by reason of the judgment entered in the Moriarty action. This right arises un-

der an obligation implied by law where, as in this case, secondary and primary liability are involved; *George's Radio* v. *Capital Transit Co.*, 126 F. 2d 219, 222; and the rule is one of general application. *Stulginski* v. *Cizauskas*, 125 Conn. 293, 295, 5 A. 2d 10; *Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214, 217, 67 N. E. 439; *Phoenix Bridge Co.* v. *Creem*, 102 App. Div. 354, 355, 92 N. Y. S. 855, aff'd, 185 N. Y. 580, 78 N. E. 1110; note, 38 A. L. R. 556; Restatement, Restitution, § 96. The fact that the judgment in the Moriarty action under which the money was paid by the plaintiff on behalf of the Sheas as its assured was rendered pursuant to its consent and that of the defendant under their stipulation, to liquidate a liability then undetermined, does not affect the plaintiff's right of indemnity. A judgment by consent is just as conclusive as one upon controverted facts. *Shaw* v. *Spelke,* 110 Conn. 208, 215, 147 A. 675; *Cumnor* v. *Sedgwick,* 67 Conn. 66, 72, 34 A. 763; 31 Am. Jur. 107 § 464. The question determinative of the plaintiff's right to indemnity is whether the expenditures were properly made by it in discharge of its liability under the Moriarty judgment. Restatement, Restitution § 96. The court's contention that they were was fully warranted. What we have said is also an answer to the defendant's claim of estoppel since, as its brief indicates, the estoppel claimed is by judgment and not in pais.

The only two rulings upon evidence assigned as error which are pursued in the defendant's brief fall into a single category and neither calls for detailed discussion. The evidence admitted in one instance was to the effect that neither of the Sheas participated in the use made of the trap door by the defendant's employees on former beer deliveries, and in the other that an employee of the defendant on those occasions did not even bother to get the order from Shea because he

was so familiar with the latter's needs. The sole ground of objection stated was that the evidence was immaterial. So far as the record discloses, nothing of a careless nature in the conduct of the defendant's employees on those other occasions had come to the knowledge of the Sheas, and we can fairly assume that this was the fact. Upon that basis, the evidence was relevant and material upon the issue whether they had such knowledge of the method of delivery followed by the defendant that they had reason to anticipate negligence, or were warranted in relying upon the defendant to exercise reasonable care in its use of the trap door. These were controverted allegations of the complaint and were material in determining whether the plaintiff was chargeable with constructive negligence only. *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.*, 133 Conn. 536, 543, 52 A. 2d 862.

There is no error.

In this opinion the other judges concurred except DICKENSON, J., who concurred in the result.