ANTHONY J. SPARACO *v.* LAEL D. TENNEY, EXECUTRIX
(ESTATE OF IRENE MAYER DWYER DUNN)

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, JS.

Argued June 9—decision released July 18, 1978

*Samuel H. Coxe,* for the appellant (plaintiff).

*Roger M. Sullivan,* with whom was *Macgregor Kilpatrick,* for the appellee (defendant).

PER CURIAM. The plaintiff, Anthony J. Sparaco, brought a suit against Lael D. Tenney, executrix of the estate of Irene Dunn, for damages and for

specific performance of an option agreement for the purchase of real property. At the conclusion of the plaintiff's evidence, the parties in open court agreed orally to a stipulated judgment. Subsequently, the plaintiff, represented by new counsel, filed a motion for a new trial. After a full hearing, this motion was denied as both untimely and unjustified on the merits.

On appeal to this court, the plaintiff assigns as error a number of evidentiary rulings by the trial court. The question of the admissibility of the excluded evidence is not properly before this court. Consent to a stipulated judgment necessarily forecloses reopening of alleged misrulings earlier in the proceedings. *Cumnor* v. *Sedgwick,* 67 Conn. 66, 72–73, 34 A. 763 (1895).

The plaintiff's attack on the stipulated judgment itself is equally unsustainable. The argument of a discrepancy between the oral stipulation and the stipulation rendered as the judgment in the trial court must be deemed waived, since it was not assigned as error. See Practice Book, 1963, § 652; *Weyls* v. *Zoning Board of Appeals,* 161 Conn. 516, 521, 290 A.2d 350 (1971); *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 276, 287 A.2d 374 (1971). A stipulated judgment made in open court is not within the Statute of Frauds, and therefore it was not error for the trial court to act upon an oral stipulation, even though its subject matter was real property. *Rogers* v. *United States,* 319 F.2d 5, 7 (7th Cir. 1963), cert. denied, 375 U.S. 989, 84 S. Ct. 524, 11 L. Ed. 2d 475 (1964); *Savage* v. *Blanchard,* 148 Mass. 348, 349, 19 N.E. 396 (1889); *Deer* v. *Deer,* 29 Wash. 2d 202, 212–13, 186 P.2d 619 (1947). Finally, the stipulation is not voidable on the ground

that it was accepted with reluctance, so long as its procurement was not the result of fraud, duress, or mistake. *Bryan* v. *Reynolds*, 143 Conn. 456, 460–61, 123 A.2d 192 (1956); *Shaw* v. *Spelke*, 110 Conn. 208, 215, 147 A. 675 (1929).

There is no error.