[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REOPEN MODIFIED JUDGMENT (#119.09)
On April 11, 1989, the child support orders of October 10, 1981, were modified by agreement of the parties entered after three days of hearings before Judge Coppetto. At that time certain representations were made by the defendant regarding his employment income, his consulting income (i.e. his inability to do consulting work for medical reasons), reimbursement for medical expenses, and his interest in profit sharing plans. Testimony and exhibits introduced at hearings held on December 7 and 10 demonstrate that there has been fraud, i.e. deception, practiced in order to induce another to part with property or to surrender some legal right. Alexander v Church, 53 Conn. 561, 562 (1886), Tucker v. Tucker, 190 Conn. 674,678 (1983).
On or about April 25, 1990, defendant sent to his minor daughter, Anne R. Donoghue, a word processor, accessories and twenty-three 3.5" magnetic discs. The parties' daughter received said property on or about April 27, 1990. On or about CT Page 4580 April 30, 1990, plaintiff discovered that there was financial information upon the discs supplied by the defendant. On April 30, the defendant requested return of the discs, which the plaintiff refused. Thereafter, defendant made formal demand through his attorney for return of the discs on June 26, 1990, and plaintiff replied in the negative on July 2, 1990. Thereafter, the defendant brought an action in the State of California for the return of the discs on September 10, 1990. The California court did, on October 4, 1990, issue a restraining order enjoining the plaintiff in that action from distributing the informational contents of the discs. (See plaintiff's exhibit C.)
On September 25, 1990, the plaintiff presented her motion to this court for an order for hearing and notice. A preliminary hearing was held on this matter on October 18 at which time the court ordered that it was most interested in reviewing the information contained on computer discs 8, 10, 16 and 21. The California court did, on November 7, 1990, dissolve the temporary restraining order. (See plaintiff's exhibit G.)
Based upon the evidence the court finds:
1. There has been no unreasonable delay by the plaintiff in moving to reopen the stipulated judgment of April 11, 1989. 2. There has been no lack of diligence on the plaintiff's part in discovering the information now presented to the court which consists virtually entirely of information from the discs delivered by the defendant to his daughter. While the I plaintiff testified that she was aware of offers made to the defendant which recited salaries, bonuses and benefits, she also testified she did not know which offer the defendant I accepted. When asked on March 9, 1989, whether there was any printing anywhere that stated benefits of his employment, the defendant stated that he knew of none, yet the discs have disclosed that there was a letter offer detailing these benefits. There was no way for the plaintiff to discover this information in view of the defendant's answer. 3. There has been clear proof of perjury or fraud by the defendant. 4. There is a substantial likelihood that the result of a new trial will be different.
The following language from the case of Tucker v. Tucker, 190 Conn. 674, 676-678 (1983), is dispositive of the issues in this case:
 "With. . . judicial supervision, private settlement of the financial affairs of CT Page 4581 estranged marital partners is a goal that courts should support." (Citations omitted.) Baker v. Baker, 187 Conn. 315, 322, 445 A.2d 912 (1982). "'Under our statutes, a court has an affirmative obligation, in divorce proceedings, to determine whether a settlement agreement is "fair and equitable under all the circumstances." General Statutes 46b-66. [To this end] [t]he presiding judge has the obligation to conduct a searching inquiry to make sure that the settlement agreement is substantively fair and has been knowingly negotiated. Monroe v. Monroe, 177 Conn. 173, 183-84, 413 A.2d 819, cert. denied, 444 U.S. 801, 100 S.Ct. 20, 62 L.Ed.2d 14
(1979)."' Baker v. Baker, supra, 321-22. Pivotal to the validity of such an injury is the absolute accuracy of the financial information furnished by the parties to one another and to the court. "A court is entitled to rely upon the truth and accuracy of sworn statements required by [4631 of the Practice Book, and a misrepresentation of assets and income is a serious and' intolerable dereliction on the part of the affiant which goes to the very heart of the judicial proceeding." Casanova v. Casanova, 166 Conn. 304, 305, 348 A.2d 668 (1974). It follows, therefore, that a judgment rendered by the court with consent of the parties may be subsequently opened if it is shown that the stipulated settlement was obtained by fraud or intentional material misrepresentation. Cf. Kenworthy v. Kenworthy, 180 Conn. 129, 131, 429 A.2d 837
(1980); Sparaco v. Tenney, 175 Conn. 436, 437-38, 399 A.2d 1261 (1978). (Emphasis supplied.)
The court grants the motion to reopen. With respect to the relief requested by plaintiff for recovery of her expenses for the hearings in 1989 and 1990, including her expenses for legal fees and costs, there has been no evidence offered regarding those expenses. There has been no evidence, either, of the defendant's claimed arrearages of alimony and support for 1986, 1987 and 1988. These requests are, therefore, denied at this time without prejudice to the plaintiff's introduction of evidence upon these claims in further proceedings. The orders of the court entered on October 10, CT Page 4582 1984, with respect to alimony and support are reinstated and remain in full force and effect. While there has not been evidence of the payments made by the defendant to the plaintiff since April 11, 1989, it is presumed that there is an arrearage of $500.00 per month from May 1, 1989, to and including December, 1990. The court makes no finding in this regard and enters no orders at this time with respect to an arrearage.
EDGAR W. BASSICK, III, JUDGE CT Page 4583
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4584
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4585
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4586
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4587
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4588
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4589
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4590
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4591
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4592