[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIRE (No. 109) AND ON PLAINTIFF'S CROSS MOTION FOR CONSOLIDATION (No. 107)
The plaintiff, ATI Pharmaceuticals, Inc. (hereinafter "ATI"), has commenced the instant action against defendants Edward N. Lerner, Stephen F. Cashman, Paul M. Kaplan and Steven W. Varney, all attorneys associated at one time with ATI, and against the law firms of Lerner Cashman and Brown, Paindiris 
Zarella. The complaint sets forth six counts against all defendants as follows:
1. legal malpractice and fraud;
2. restitution of legal expenses;
3. negligence;
4. indemnification;
5. legal expenses in present action;
6. CUTPA.
This action arises out of an improper prejudgment attachment made in a prior case between ATI as creditor and Wellfleet, Inc. as debtor, in which case ATI was represented by defendants Lerner and Cashman. Due to the defective attachment, goods belonging to Wellfleet and stored at a warehouse operated by Angepak, Inc. were removed and later allegedly disposed of by Wellfleet.
ATI then sued Joseph Campinell (president of Wellfleet), Angepak and Sheriff Michael Maher in an action entitled ATI Pharmaceuticals, Inc. v. Joseph Campinell. In that action Sheriff Maher impleaded defendants Lerner and Cashman, and ATI cross-claimed against said defendants.[1] That case is pending against Sheriff Maher and said defendants only, summary judgment having been granted in favor of Mr. Campinell and Angepak based on the improper attachment of the debtor's goods.
Mr. Campinell and Angepak subsequently sued ATI for vexatious litigation in separate actions entitled Angepak, Inc. v. ATI Pharmaceuticals, Inc. and Joseph Campinell v. ATI CT Page 6954 Pharmaceuticals, Inc. In both suits, ATI impleaded defendants Lerner and Varney for indemnification. These actions are still pending.
The defendants now move to strike plaintiff's complaint on the theory that the prior pending action doctrine so requires or, in the alternative, that counts four and five of the complaint must be stricken on the grounds that they do not state a cause of action upon which relief can be granted.
Plaintiff has submitted a memorandum in opposition to defendants' motion to strike and cross-moves for consolidation of the instant action with the three actions recited above.
The proper vehicle for dismissal of an action based on the prior pending action doctrine is the motion to dismiss, not the motion to strike. Connecticut Practice Book 143 (rev'd. to 1978, as updated to November 30, 1990); Halpern v. Board of Education, 196 Conn. 647, 652 n. 4 (1985); Conti v. Murphy,23 Conn. App. 174, 178 (1990). As the court noted in Conti, however, "[i]n anticipation of the [defendants'] asserting a new motion to dismiss on the basis of prior pending action doctrine, . . . [the court] will review the issue at this time." Conti, 23 Conn. App. at 178.
When two lawsuits are "of the same character, between the same parties, [and] brought to obtain the same end or object," the prior pending action doctrine applies and the subsequent suit can be dismissed. Halpern, 196 Conn. at 652. Dismissal is appropriate because where two lawsuits are "virtually alike", there is no good reason or necessity for the second suit, thereby making the second suit "oppressive and vexatious." Id. The doctrine only applies when both lawsuits are brought in the same jurisdiction. Id. at 652-53.
To determine whether the doctrine applies the court must examine the pleadings and ascertain if the lawsuits in question are indeed "virtually alike." Id. at 653. The fact that the prayers for relief in the actions are not identical is not dispositive if the relief demanded in the second action could have been sought in the first action. Zachs v. Public Utilities Commission, 171 Conn. 387, 393 (1976). Finally, even where the parties are not totally identical in the two suits, the doctrine will be applied as to those parties common to the two actions. Cole v. Associated Construction Co., 141 Conn. 49,54-55 (1954).
The prior pending action doctrine is not applicable under the facts of this case since this lawsuit and the prior pending lawsuits are not virtually alike. In the present CT Page 6955 action, ATI seeks the value of the goods lost by virtue of the improper attachment and legal fees expended in asserting its claim in the prior and present actions. This relief is based on claims of legal malpractice, fraud, negligence, and CUTPA causes of action which sound in tort. In the Joseph Campinell and Angepak cases, ATI seeks indemnification from third party defendants Lerner and Varney for any amounts for which ATI is deemed liable to plaintiffs as the result of the actions of Messrs. Lerner and Varney. If the plaintiffs in those actions are unsuccessful, ATI will not be damaged and will recover nothing from Messrs. Lerner and Varney. ATI, however, will still be aggrieved for the loss of the value of the goods it sought to attach from Wellfleet and which it now seeks from defendants.
The fact that the indemnification claim in the present action is identical to the indemnification claims in the Joseph Campinell and Angepak cases cannot require that the present action be dismissed as that claim is only one of six counts in the complaint.
Because the present suit is not "of the same character" and does not seek the "same end or object" as the prior pending suits, the prior pending action doctrine does not apply and defendants' motion to dismiss the entire present action must be denied.
In count four of its complaint, plaintiff has asserted a claim for common law indemnification for any liability assessed against it in the Campinell and Angepak cases. As stated above, those cases are for vexatious litigation. Defendants move to strike this count on the basis that plaintiff has not sufficiently pled a cause of action.
The general rule in Connecticut is that one joint tortfeasor cannot seek contribution or indemnity from another joint tortfeasor. Kyrtatas v. Stop Shop, Inc., 205 Conn. 694,697 (1988); Fidelity Casualty Co. v. Jacob Ruppert, Inc.,135 Conn. 307, 311 (1949). Where, however, it is shown that a tortfeasor is guilty only of secondary or passive negligence, he may seek indemnity from the primary or active tortfeasor. Kyrtatas, 205 Conn. at 698.
Four elements must be established by the plaintiff in a common law action for indemnification. Id. These are as follows:
1. the party from whom indemnification is sought ("indemnitor") was negligent; CT Page 6956
2. the indemnitor's negligence, rather than the plaintiff's, was the direct, immediate cause of the injury;
3. the indemnitor was in control of the situation to the exclusion of the plaintiff; and,
4. the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the indemnitor not to be negligent.
Id.; Weintraub, 188 Conn. at 573.
All four elements must be alleged to withstand a motion to strike. Euclid Chemical Co. v. Shell Oil Co.,4 CSCR 768, 769 (October 18, 1989, Freed, J.).
"For the purpose of ruling upon a motion to strike, the facts alleged in a complaint, though not the legal conclusions it may contain, are deemed to be admitted." Maloney v. Conroy, 208 Conn. 392, 394 (1988); Ferryman v. Groton,212 Conn. 138, 142 (1989). Farther, the facts alleged must be construed in the light most favorable to the nonmoving party. Ferryman, 212 Conn. at 146; Rowe v. Godou, 209 Conn. 273, 278
(1988). The court cannot consider any facts not contained in the complaint. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348 (1990). "What is necessarily implied, [however], need not be expressly alleged." Ferryman, 212 Conn. at 146. The question for the court then is whether the facts as alleged, construed in the light most favorable to plaintiff, are sufficient to provide a cause of action for common law indemnification.
The plaintiff has sufficiently pled that the defendants were negligent and that their negligence, not plaintiff's, was the direct, immediate cause of the injury (see, e.g., paras. 12-17 of the complaint). The plaintiff, however, has failed to allege facts supporting the fourth element; namely, that the defendants were in exclusive control of the situation. For that reason defendants' motion to strike the fourth count is granted.
It is the rule of law in Connecticut that attorneys' fees and expenses are not allowed absent a statutory or contractual exception. Marsh, Day Calhoun v. Solomon,204 Conn. 639, 652-53 (1987). In this instance there is such an exception. Connecticut General Statutes 42-110g(d) permits the court to award costs and reasonable attorneys' fees to a plaintiff in an action brought under the Connecticut Unfair Trade Practices Act ("CUTPA"). See Barco Auto Leasing Corporation v. House, 202 Conn. 106, 120 (1987). CT Page 6957
Further, in a fraud case, attorneys' fees are considered an element of punitive or exemplary damages and may be awarded to the prevailing party on that basis. Wedig v. Brinster, 1 Conn. App. 123, 134 (1983) (citing Brower v. Perkins, 135 Conn. 67S, 680-81 (1949)).
Since plaintiff has alleged fraud and CUTPA violations in its complaint, its fifth count for legal expenses is legally sufficient, and defendants' motion to strike the fifth count is denied.
The plaintiff's cross motion for consolidation is granted.
JOSEPH A. LICARI, JR., JUDGE