
ROBERT KENWORTHY *v.* BARBARA KENWORTHY

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued January 11—decision released March 18, 1980

*Joseph A. Mengacci,* for the appellant (defendant).

*William J. St. John, Jr.,* with whom, on the brief, was *Joseph W. Doherty,* for the appellee (plaintiff).

PER CURIAM. The plaintiff husband instituted an action to dissolve his marriage to the defendant wife on October 5, 1977, and judgment of dissolution was rendered by the court, *Wall, J.,* on February 10, 1978. The judgment expressly provided, inter alia, that the plaintiff was to pay to the defendant one-half of the net equity of the jointly owned family residence within seven years from the date of the judgment or the sale of the property. Title to the property would then vest in the plaintiff.[1] The equity was to be determined at the time of payment either by the sales price or by a mutually agreed upon real estate appraiser and the net equity was to be computed by deducting from the sales price or appraised value the balance remaining on a first and second mortgage. The

---

[1] Although the judgment did not expressly so provide, apparently the separation agreement of the parties, which was incorporated by reference in the judgment, did so provide.

portion of the judgment concerning the disposition of the family residence incorporated provisions of a separation agreement and an addendum to the separation agreement entered into by the parties on January 4, 1978.

Approximately one year and four months from the date of the judgment of dissolution, on June 18, 1979, the defendant filed a motion to open the judgment. The plaintiff filed an objection to this motion and the court, *Wall, J.,* sustained the plaintiff's objection and denied the defendant's motion on the ground that it lacked jurisdiction to open the judgment of dissolution rendered more than four months before the motion to open was filed.[2]

In her motion to open the judgment, the defendant expressed dissatisfaction only with that portion of the judgment which involved the disposition of the family residence. The defendant represented in her motion that at the time she and the plaintiff entered into the separation agreement, she was suffering from severe emotional distress which rendered her incapable of understanding the words of the agreement. The motion further alleged that the plaintiff made representations to her which were materially different from the ostensible meaning of the words of the agreement and that in her mental state she thought that the terms of the agreement were consonant with the plaintiff's representations. At oral argument to this court, it

---

[2] For its ruling, the trial court relied primarily on Practice Book, 1978, § 326 which provides in pertinent part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed." General Statutes § 52-212a is identically worded.

became clear that the defendant believed because of the plaintiff's representations that her one-half interest in the jointly owned family residence was not to be bought out by the plaintiff prior to seven years from the date of the judgment of dissolution. The catalyst for the defendant's motion to open apparently was the plaintiff's expressed desire to buy out the defendant's interest in the house after an agreed upon appraiser had evaluated the house. On appeal, the defendant claims that the plaintiff's misrepresentations constituted fraud and that the trial court erred in failing to hold a hearing on the merits of her motion to open the judgment.

It is a well-established general rule that even a judgment rendered by the court upon the consent of the parties, which is in the nature of a contract to which the court has given its approval, can subsequently be opened without the assent of the parties if it is shown that the stipulation, and hence the judgment, was obtained by fraud, in the actual absence of consent, or by mutual mistake. See *Sparaco* v. *Tenney,* 175 Conn. 436, 437–38, 399 A.2d 1261; *Bryan* v. *Reynolds,* 143 Conn. 456, 460–61, 123 A.2d 192; see also *Arkansas State Highway Commission* v. *Clemmons,* 244 Ark. 1124, 428 S.W.2d 280; *Ratermann* v. *Ratermann,* 485 S.W.2d 80 (Mo.); *In re Johnson,* 277 N.C. 688, 178 S.E.2d 470; *Westfall* v. *Wilson,* 255 Or. 428, 467, P.2d 966; 3 Freeman, Judgments (5th Ed.) § 1352; 46 Am. Jur. 2d, Judgments § 688; annot., 139 A.L.R. 421. The power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgments; hence judgments obtained by fraud may be attacked at any time. *Sullivan* v. *Sullivan,* 256 Cal. App. 2d 301, 64 Cal. Rptr. 82; *Whiteway*

*Finance Co.* v. *Parker,* 226 So. 2d .903 (Miss.);
*Van DeRYT* v. *Van DeRYT,* 6 Ohio St. 2d 31, 215
N.E.2d 698; 46 Am. Jur. 2d, Judgments § 709. Thus,
in the particular circumstances of this case and
given its context; see *Monroe* v. *Monroe,* 177 Conn.
173, 182–83, 413 A.2d 819, appeal dismissed, cert.
denied, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14
(1979); the court below should have determined
whether the defendant's representations in her
motion would, if proven, be a sufficient basis for
opening the judgment of dissolution.

There is error and the case is remanded for proceedings not inconsistent with this opinion.