The plaintiff in this action initiated this case on October 20, 1989 seeking a dissolution of her marriage to the defendant. The complaint was amended on December 13, 1990, to add a request for "Legal Separation" to her "Prayer for Relief."
The plaintiff and defendant entered into a "Legal Separation Agreement and Stipulation for Judgment" dated January 28, 1991 and filed March 4, 1991. The agreement was filed with supporting affidavits and found to be fair and equitable by the Court (Klaczak, J.) on March 4, 1991.
The agreement was incorporated into the judgment of Legal Separation entered on March 4, 1991. During all the aforementioned proceedings, plaintiff was represented by Attorney Richard K. O'Neil. The defendant had entered his pro se appearance on December 28, 1990.
Plaintiff through successor counsel seeks to reopen the judgment on the basis of the alleged fraudulent misrepresentations of the defendant and the alleged failure of plaintiff's counsel to pursue discovery.
The plaintiff testified in support of her motion and offered evidence relating to property which may have been owned at some time by the defendant. Attorney O'Neil also testified as to approximately ten meetings with the plaintiff at which the agreement and implications of the judgment were discussed. Defendant attended several meetings and may have driven plaintiff to others.
A certified public accountant also testified for plaintiff as to a hypothetical reconstruction of the parties' financial affidavits.
"Fraud consists of deception practiced in order to induce another to part with property to surrender some legal rights, and CT Page 5538 which accomplishes the end designed. . . . (citation omitted). The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to its detriment. Billington v. Billington,220 Conn. 212, 217 (1991); Martino v. Gerard, 196 Conn. 584, 587
(1985); Miller v. Appleby, 183 Conn. 51, 54-55 (1981). A marital judgment based upon a stipulation may be opened if the stipulation, and thus the judgment was obtained by fraud. Kenworthy v. Kenworthy, 180 Conn. 129, 131 (1980). "The power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgments; hence judgments obtained by fraud may be attacked at any time." Kenworthy, supra, at 131.
The thrust of plaintiff's fraud claims concern an alleged failure to list certain assets and misrepresentation of other assets.
One of the assets which was omitted was the marital residence which was to be conveyed to the plaintiff by the agreement and judgment. The Court finds that any inaccuracy concerning such property was not known to be so by the defendant and was not relied upon by the plaintiff.
The other real property not listed was the home of Anthony Tebaldi, the son of plaintiff and defendant. The title to such property was in the name of defendant and his son. The Court accepts the credible evidence of the defendant that he co-signed the note and mortgage for his son and was required to be a record owner, though he held no equitable interest in the property. Any inaccuracy as to this property by the pro se defendant was not knowingly made, made with intent to induce reliance or relied upon by plaintiff.
A property on Santa Barbara Street in Springfield was reflected as one-half owned by defendant on his financial affidavit, because the agreement resulted in the split of ownership of such property on a 50/50 basis between plaintiff and defendant. This factual assertion was in no way fraudulent.
Alleged misrepresentations by the defendant as to the Springfield Auto Complex value and mortgage are either de minimis and/or explained by the defendant as reflecting his desire that his affidavit reflect the situation following effectuation of the agreement dividing the marital assets.
Any misrepresentation of facts was not intended to induce reliance by the plaintiff or knowingly falsely made by the defendant. CT Page 5539
The plaintiff though not having extensive business experience presented as a competent person who was familiar with the marital assets and her husband's business dealings and business assets. She was represented by counsel who advised her and represented her interests in an extensive period of negotiations.
The agreement and separation judgment were admirably free of acrimony. There is no evidence to suggest that the defendant knowingly misled, manipulated or took advantage of the plaintiff.
The Court also finds that the underlying agreement was at the time entered and even in retrospect fair and equitable.
The Motion to Reopen Judgment is denied.