[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff comes before this court seeking to open and modify a judgment of dissolution beyond the four month period established by Practice Book Section 326. She attempts to do so by utilizing Kenworthy v. Kenworthy 180 Conn. 129, 131 (1980) which refers to judgments "obtained by fraud, the actual absence of consent or by mutual mistake."
She seeks to establish that her signature to the agreement offered to the court at the uncontested hearing was obtained by duress. She has represented at that hearing by counsel who focused on the issue of fairness during his questioning of his client. He first established that Mrs. Berry regarded the agreement to be a fair one. He then, as her attorney established that he believed the settlement was not fair, but that she was never-the-less willing to sign the agreement, and was requesting the court to enter a judgment of dissolution based upon the terms of that agreement, in spite of his advice. CT Page 23
The finality of judgment in family matters is crucial to our community's stability. Opening a judgment more than a year beyond its rendering must be approached with caution. Here, plaintiff offers the testimony of one supporting witness, her psychiatrist. The major thrust is that husband's marital behavior generated such fear that she suffered from post traumatic stress disorder and involuntarily entered into the dissolution agreement under duress, all while mouthing the necessary assurances of voluntary approval to the court.
Such traumatization is possible. Do not interpret the finding in this case, based upon the evidence placed before this court, to hold otherwise. But to seek a second reordering of the lives of the spouses and their children based upon a claim of duress requires substantial credible evidence. This court does not find the required burden of proof to have been met by the use of the confirming testimony of the post dissolution psychiatrist alone. To do so would be to simplify the many facets of a complex series of issues.
The Motion to Reopen and Modify is denied.
Joseph L. Steinberg.