[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO OPEN JUDGMENT
The original judgment in this case was entered December 8, 1987. The parties to this case, Arnold Kaye, the Planning 
Zoning Commission of the Town of Westport [the Commission] and Hay Day, Inc. entered into a stipulation for judgment on February 24, 1993 modifying the prior judgment. The court CT Page 8625 (Ballen, J.) entered judgment in accordance with the stipulation. The stipulated judgment provided, among other things, that Hay Day as the tenant of property at 1385 Post Road East in Westport could use that property in accordance with a site plan approved by the Commission and under certain conditions stated in the stipulation. The stipulation states that the Commission and the Zoning Enforcement Officer agree not to take any future zoning enforcement action against Hay Day or interfere with its use, occupancy or enjoyment of the premises as long as Hay Day complies with the terms of the judgment, based on Planning Zoning Resolution 92-176, "the zoning regulations of the Town of Westport in respect of its use of the premises" and the terms of the site plan.
As a result of a complex series of legal skirmishes between Kaye and the Commission, a temporary truce was signed between them, agreeing that the floor area ratio (FAR) for Kaye's entire property, namely the land on which the buildings of 1365 and 1385 Post Road East are situated, would be .2484, slightly less than the FAR of .25 for the zone. The site plan referred to in the stipulation had been in existence for several years, and the negotiations of the parties resulting in the stipulation were based upon the site plan drawings and measurements contained in them. The approved site plan was based upon these detailed plans and drawings prepared by L. Michaels, an architect. The total amount of square footage of the buildings, building coverage, and FAR calculations were based upon the proposed buildings on the site plan, namely those at 1365 and 1385 Post Road East. The FAR was limited to 37,510 square feet (0.2484) and the building coverage was limited to not more than 32,165 square feet or 21.3 percent coverage. The building at 1385 is used by Hay Day, while the building at 1365 is retained by Kaye. The building designed on the site plan relied upon a July 26, 1982 resolution of the Commission which approved use of the building owned by Kaye at 1365 for 15,400 square feet. The site plan drawings did not show a basement in that building. The total FAR and coverage percentages included both buildings, although the site plan defined exactly how the buildings were to be built, the number of square feet, FAR and coverage numbers for each building.
When Hay Day prepared and submitted a site plan it relied upon the numbers previously endorsed by the town for the building at 1385 Post Road East and made computations based upon the prior site plan drawings by Michaels. The building at 1385 CT Page 8626 complies with the site plan drawings and the stipulation for judgment of February 24, 1993. Neither Hay Day or the Commission were aware at that time that Kaye had constructed a basement area in the building at 1365 Post Road East, and there was no basement shown on the plan site for that building. Hay Day relied upon the site plan and worked closely with the Commission's representatives in doing construction and renovation work in the building leased by it from Kaye, and Hay Day was told by the town's agents that there were no violations for that building. The town had no knowledge of the violations at Kaye's building at 1365 Post Road East until May 1993. The Commission gave notice to Kaye and Hay Day of the violations at 1365, but did not commence a zoning enforcement action until September 1993. In the meantime it took the position that the illegal construction of the basement and a dumpster area at the building at 1365 put the combined area of both buildings above the FAR and coverage provisions previously stipulated to by the parties. Even though Hay Day has complied with the stipulation and the zoning regulations, and has followed the approved site plan, the Commission has refused to issue a Certificate of Zoning Compliance because of the violation at 1365 Post Road East. Hay Day cannot open for business without a Certificate of Zoning Compliance and a Certificate of Occupancy. Its motion to open the judgment is based on the doctrine of mutual mistake.
Kaye no longer has title to the parcel containing the two buildings. As a result of a mortgage foreclosure action, GTT Corporation, Trustee, obtained title in March 1993. It then conveyed the property to 157 Easton Road Corp. by deed recorded March 29, 1993. A motion to intervene and substitute the plaintiff has been filed by 157 Easton Road Corp. [Easton]. Both Kaye and Easton are represented by the same attorney. Kaye not appear at the hearing on the motions, but his attorney represented that he has no objection to Hay Day's motion to open the judgment of February 24, 1993, or to the issuance of a Certificate of Occupancy to Hay Day for the building at 1385 Post Road East. The Commission opposes both the motion to open and the motion to substitute Easton as the plaintiff.
The motion to open judgment was filed September 15, 1993, more than four months after the stipulated judgment of February 24, 1993. Ordinarily the court does not have jurisdiction to open a judgment in a contested proceeding or by stipulation more than four months after it is rendered. Section 52-212a of the General Statutes and Section 326 of the Practice Book both state CT Page 8627 that "unless otherwise provided by law" a judgment in a civil action cannot be opened or set aside unless a motion to open or set aside the judgment is filed within four months after the date of the judgment. This rule applies to stipulated judgments as well as to judgments rendered upon contested facts. Solomon v. Keiser, 22 Conn. App. 424, 426; Kenworthy v. Kenworthy,180 Conn. 129, 131; Connecticut Pharmaceutical Ass'n., Inc. v. Milano, 191 Conn. 555, 558. There are two well-established exceptions to the four month rule. A judgment may be opened with the consent of the parties, or if the judgment was obtained by fraud, accident or mistake. Celanese Fiber v. Pic Yarns, Inc., 184 Conn. 461, 466; Connecticut Pharmaceutical Ass'n., Inc. v. Milano, supra, 558; Kenworthy v. Kenworthy, 180 Conn. 129,131; Gillis v. Gillis, 214 Conn. 336, 340.
A stipulated judgment is a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. Bank of Boston Connecticut v. DeGroff, 31 Conn. App. 253, 257; Gillis v. Gillis, supra, 339; Bryan v. Reynolds, 143 Conn. 456, 460. A stipulated judgment allows the parties to avoid litigation by entering into an agreement that will settle their differences once the court renders judgment on the basis of the agreement. Gillis v. Gillis, supra, 339, 340; Housing Authority v. Lamothe, 27 Conn. App. 755,759. A stipulated judgment, although obtained by the consent of the parties is binding to the same degree as a judgment obtained through litigation; it necessarily follows that if the judgment conforms to the stipulation it cannot be altered or set aside without the consent of all the parties, unless it is shown that the stipulation was obtained by fraud, accident or mistake. Id, 759. A judgment rendered upon a stipulation of the parties is in the nature of a contract, Inland Wetlands Water Courses Agency v. Landmark Investment Group, Inc., 218 Conn. 703, 707, and it is construed as a contract. Zivic v. Zivic, 26 Conn. App. 5, 7.
As with a contract, a judgment on a stipulation may be opened by the court if the stipulation was entered into under a mutual mistake. Inland Wetlands Water Courses Agency v. Landmark Investment Group, Inc., supra, 707; Kenworthy v. Kenworthy, supra, 131; In re Baby Girl, 224 Conn. 263, 283. A mutual mistake is one that is common to both parties and effects a result neither intended, Inland Wetlands Water Courses Agency v. Landmark Investment Group, Inc., supra, 708; Lopinto v. Haines, 185 Conn. 527, 532. A mistake means a state of mind CT Page 8628 that is not in accord with the facts. Milford Yacht Realty Co. v. Milford Yacht Club, Inc., 136 Conn. 544, 548. Whether there has been a mutual mistake is a question of fact. Inland Wetlands Water Courses Agency v. Landmark Investment Group, Inc., supra, 708.
In this case as between the Commission and Hay Day there was a mistake of fact. Both were ignorant of the basement in the building at 1365 Post Road East and agreed that Hay Day could proceed if it constructed the building at 1385 in accordance with the site plan drawings, which satisfied the FAR and coverage requirements for the property as previously agreed upon with Kaye. Until the violation at 1365 was discovered, the Commission and Hay Day did not believe there was any zoning violation, and construction proceeded in reliance on the site plan approved by the Commission. The Commission and Hay Day believed that 1365 was in conformity with the regulations, stipulation and site plan when the stipulation and judgment were entered into on February 24, 1993, and their erroneous assumption on this point was a mutual mistake. A different agreement would have been reached if this was known, and Hay Day's use of 1385 would not have depended upon resolving problems in the other building.
Where a mutual mistake exists the court has the power of reformation of the agreement and the judgment. Lopinto v. Haines, supra, 532; Milford Yacht Realty Co. v. Milford Yacht Club, Inc., supra, 548. A cause of action for reformation of a contract rests on the equitable theory that the instrument sought to be reformed does not conform to the real contract agreed upon and does not express the intention of the parties and that it was executed as a result of mutual mistake, or mistake of one party coupled with actual or constructive fraud, or inequitable conduct on the part of the other. Greenwich Contracting Co. v. Bonwit Construction Co., 156 Conn. 123, 126. The standard approved for reformation is clear, substantial and convincing evidence. Id, 126, 127; Lopinto v. Haines, 534. The stipulation of the parties, on which the judgment is based, should be reformed here because the proof on the motion meets this legal standard.
The fact that Kaye probably knew the building at 1365 did not conform with the site plan and that the FAR and building coverage exceeded the agreed number, does not preclude reformation, since mistake of one party to a contract coupled CT Page 8629 with inequitable conduct on the part of the other also allows the remedy. The court has the power to issue orders necessary to protect the integrity of the stipulated judgment and to avoid the mutual mistake. Bank of Boston Connecticut v. DeGroff, supra, 256, Connecticut Pharmaceutical Ass'n., Inc. v. Milano, supra, 563, 564. The modification may not enlarge or lessen the scope of the judgment. Bank of Boston Connecticut v. DeGroff, supra, 256; Lee v. Tufveson, 6 Conn. App. 301, 303; Bryan v. Reynolds, supra, 460, 461. The court can correct judgments which have issued due to inadvertence or a mistake, and if the writing incorrectly formalizes the decision that was reached between the parties in their deliberations, it should be corrected. Jetmore v. Jetmore, 6 Conn. App. 632, 635; Lamont v. New Hartford, 4 Conn. App. 303, 306.
The agreement between the Commission and Hay Day appears on its face to mean, and was intended to mean that if Hay Day built 1385 Post Road East in conformity with the site plan, that it was entitled to an approval, regardless of whether the Commission was satisfied that both buildings together met the total FAR and coverage requirements, and whether or not there were violations in the building retained by Kaye. The judgment of February 24, 1993 is modified or corrected accordingly. Under the reformed judgment the Commission is required to issue the Certificate of Zoning Compliance and Certificate of Occupancy, and it is ordered to do so for the building at 1385 Post Road East. Otherwise the judgment of February 24, 1993 remains in effect.
The motion to intervene of Easton is denied without prejudice. Easton did not own the property when the stipulated judgment was entered on February 24, 1993, since it did not acquire title until March, 1993. It was not a party to the stipulation which was the basis for the judgment. It is not customary to allow intervention as a party into a proceeding which has already concluded. The correction of the judgment is for the limited purpose of requiring the Commission to carry out its intended obligations to Hay Day. The court recognizes that there are still disputes between Kaye and the Commission over the building at 1365 Post Road East, and that both Kaye and Easton as his successor claim that the use of that building, the FAR and the building coverage conform with the site plan, and the zoning regulations. However, unless there is some showing by them that there is a valid basis for reopening the judgment to allow that issue to be relitigated in this, a concluded case, CT Page 8630 there is no standing for Easton to intervene at this time. The claims of Kaye and Easton can be litigated in another action, and the motion to intervene is not timely, both of which are grounds for denial of intervention. Board of Education v. City of Waterbury, 21 Conn. App. 67, 72. Moreover, it is questionable whether Easton or Kaye have grounds to reopen the judgment more than four months after it was entered.
ROBERT A. FULLER, JUDGE