[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO OPEN JUDGMENT FILED PURSUANTP.B. § 204A
A judgment of immediate possession was entered in favor of the plaintiff against the two defendants on February 6, 1995 in this CT Page 2547-P residential summary process action based upon non payment of rent. A Memorandum of Decision was filed by this court. Gayle v. Young,
SNBR-410 February 6, 1995, (Tierney, J.). The defendants filed a Motion to Open Judgment on February 14, 1995 and indicated at the bottom of the first page of the motion that such motion is a § 204A motion.
The court has not been able to find any reported decisions dealing with Practice Book §§ 204A. Both Practice Book § 204A and § 204B were adopted by the Judges of Superior Court on June 20, 1994. The rules were then published in the Connecticut Law Journal pursuant to Practice Book § 7 and became effective October 1, 1994.
Practice Book § 204A states:
 "Any motion which would, pursuant to Sec. 4009, delay the commencement of the appeal period until issuance of notice of the decision upon the motion, shall be considered by the judge who rendered the underlying judgment or decision. The party filing any such motion shall set forth the judgment or decision which is the subject of the motion, the name of the judge who rendered it, the specific grounds upon which the party relies, and shall indicate on the bottom of the first page of the motion that such motion is a Sec. 204A motion. The foregoing shall not apply to motions under Secs. 319 and 204B."
Practice Book § 319 et. seq. deals with Motions after Verdict such as Motions in Arrest of Judgment, Motions to Set Aside a Verdict and Motions for New Trial. Practice Book § 204B, also effective October 1, 1994 adds to the formal rules of Connecticut Practice the Motion to Reargue. A Motion to Reargue had been used informally by the Bar for years without the sanction of a rule or statute.
Practice Book § 4009 establishes the time for appeals. "The party appealing shall, within twenty days except where a different period is provided by statute, from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken file an appeal in the manner prescribed by Sec. 4012." In appeals in summary process cases the statute has provided for a shorter period, "five days from the date judgment has been rendered." C.G.S. § 47a-35.
Practice Book § 4009 further states:
 ". . . if within the appeal period any motion is filed which, if granted, would render the judgment or decision ineffective, CT Page 2547-Q as, for example, a motion to open the judgment or to set aside the verdict or for judgment notwithstanding the verdict, the period of time for filing an appeal shall commence from the issuance of notice of the decision upon the motion or the expiration of the time within which a remittitur is ordered filed."
The defendants claim that their Motion to Open Judgment is a § 4009 motion which, if granted, would render the judgment or the decision ineffective. The defendants further claim that by filing the motion to Open Judgment on February 14, 1995, they filed the motion within the five day statutory period of C.G.S § 47-35. They claim that the date judgment was rendered was February 6, 1995. In counting the five days the defendants excluded Sunday February 12, 1995 and Monday February 13, 1995, Lincoln's birthday, an observed legal holiday. ConnecticutGeneral Statutes § 47a-35, Connecticut General Statutes § 1-4 (the first Monday occurring on or after the twelfth day of February known as Lincoln Day). The defendants claim that the five days started on Tuesday February 7, 1995 and expired on the fifth day, Saturday February 11, 1995. Since the Housing Session clerks' office was closed on Saturday February 11, 1995, the defendants had until the next day the clerks' office was opened which was Tuesday February 14, 1995 to file their papers. Connecticut General Statutes § 51-52(d), § 51-59and § 51-347c,
Practice Book § 405.
The plaintiff has not raised the issue of whether the filing of the Motion to Open Judgment was late. This court will therefore not consider the issue. Saradjian v. Saradjian, 25 Conn. App. 411, 419
(1991); McGaffin v. Roberts, 193 Conn. 393, 399 n. 6 (1984); Curry v.Planning Commission, 34 Conn. Sup. 52, 54 (1978); Practice Book § 285A.
It is apparent from the plain language of Practice Book § 204A, that the rule does not change the procedure of filing a motion to open a judgment, the burden of proof on such motion nor the elements which must be shown to sustain that burden of proof.
There are five authorities for a motion to open a judgment; a)Practice Book § 377 relating to opening a judgment upon default or nonsuit, b) Connecticut General Statutes § 52-212 essentially a statute paralleling Practice Book § 377 relating to opening a judgment upon default or nonsuit; c) Practice Book § 326 permitting the opening of a judgment within four months of the rendering of the judgment; d)Connecticut General Statutes § 52-212a, essentially a statute paralleling CT Page 2547-RPractice Book § 327 relating to opening a judgment within four months of the rendering of a judgment; and e) the inherent supervisory powers of the court to open a judgment beyond the four month period based upon fraud, mistake, duress or accident. Sparaco v. Tenney, 175 Conn. 436,438 (1978); Solomon v. Keiser, 22 Conn. App. 424, 427 (1990); CelaneseFiber v. Pic Yarns, Inc., 184 Conn. 461, 466 (1981).
The defendants have not pointed to any of these authorities in support of their motion other than fraud. Therefore the court will consider commonly recognized standards.
A Motion to Open a Judgment is addressed to the court's discretion.Automotive Twins, Inc. v. Klein, 138 Conn. 28, 34 (1951). The court's discretion will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. Celanese Fiber v. Pic Yarns,Inc., supra 467. "Once a judgment has been rendered it is to be considered final and it should be left undisturbed by post trial motions except for a good and compelling reason." TLC Development, Inc. v.Planning and Zoning Commission, 215 Conn. 527, 533 (1990). The theory underlying the rules governing the vacating of judgments is the equitable principle that once a judgment is rendered it is to be considered final. Steve Viglione Sheet Metal Co. v. Sakonchick,190 Conn. 707, 713 (1983). Courts have an inherent power to open, correct and modify judgments. Wilkie against Hall, 15 Conn. 32, 37 (1842);Tyler v. Aspinwall, 73 Conn. 493, 497 (1901), Practice Book § 326,Practice Book § 377; Connecticut General Statutes § 52-212, ConnecticutGeneral Statutes § 52-212a; 2 Stephenson Conn. Civ. Proc. Sec. 207, p. 852. "While . . . it is not to be granted readily, nor without strong reasons, it may and ought to be when there appears cause for which the court, acting reasonably would feel . . . bound in duty to do so." McCullochv. Pittsburgh Plate Glass Co., 107 Conn. 164, 167 (1927). (internal quotations omitted).
There are various considerations in deciding a motion to open judgment. There is no bright line test. The following considerations apply; Lack of notice of the hearing, Paiwich v. Kreiswalis, 97 Conn. 123,125 (1927); Failure to appear at the hearing caused by accident, mistake or other reasonable cause, Barton v. Barton, 123 Conn. 487, 491
(1937); Negligence is not sufficient reasonable cause to open a judgment, Peoples Bank v. Horesco, 205 Conn. 319, 323-324 (1987); A motion to open in order to permit a party to present further evidence need not be granted where the evidence offered is not likely to effect the judgment, Freccia v. Martin, 163 Conn. 160, 165 (1972), "A party should not be allowed to relitigate a matter which it already has an opportunity to litigate." Duhaime v. America Reserve Life Ins. Co.,
CT Page 2547-S200 Conn. 360, 363-364 (1986); Duress is a reason to open a judgment,Sparaco v. Tenney, supra 438; Newly discovered evidence not previously discovered or discoverable will support a motion to open, Hirtle v.Hirtle, 217 Conn. 394, 398 (1991); The motion to open is not a substitute for an appeal, Jones v. Litchfield 1 Conn. App. 40, 42
(1983), cert. denied 192 Conn. 802 (1984); Decisions by the court as the arbitrator of credibility are ordinarily not subject to a motion to open, Acheson v. White, 195 Conn. 211, 215-216 (1985); Lack of opportunity to defend will not be sufficient to open a judgment unless a good defense existed, Bellonio v. Thomas Mortgage Co., 111 Conn. 103,105 (1930); Connecticut General Statutes § 52-212; Connecticut GeneralStatutes § 52-270; A motion to open cannot be used to give an Appellate Court an opportunity to retry the case, Johnson v. Flammia, 169 Conn. 491,497 (1975).
Fraud is also a reason to open a judgment. Kenworthy v. Kenworthy,180 Conn. 129, 131 (1980). In order to prove fraud the defendants must show; 1) a false representation was made as a statement of fact; 2) the statement was untrue and known to be untrue by its maker; 3) the statement was made with the intent of inducing reliance thereon; and 4) the other party relied on the statement to his detriment. Billington v.Billinaton, 220 Conn. 212, 217 (1991); Maturo v. Gerard, 196 Conn. 584,587 (1985).
"The power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgments; hence judgments obtained by fraud may be attacked at any time" Kenworthy v. Kenworthy, supra 131. Procedurally the opening of the judgment claimed to have been based on fund will only be granted if the unsuccessful party "is not barred by any of the following restrictions: 1) There must have been no laches or unreasonable delay by the injured party after the fraud was discovered. 2) There must have been diligence . . . in trying to discover and expose the fraud. 3) There must be clear proof of the perjury or fraud. 4) There must be a substantially likelihood that the result of the new trial would be different." Cromwell Common Associates v. Koziura, 17 Conn. App. 13, 16
(1988); Varley v. Varley, 180 Conn. 1, 4 (1980). The existence of fraud for purposes of opening and vacating a judgment is a question of fact.Jucker v. Jucker, 190 Conn. 674, 679 (1983). The moving party has the burden of proof. Cromwell Common Associates v. Koziura, supra 17;Jucker v. Jucker, supra 678.
The defendants offered evidence in support of their motion to open and thus the procedures approved by the Supreme Court in determining fraud and other factual issues on a motion to open was followed. Monroev. Monroe, 177 Conn. 173, 181-182 (1979); Standard Tallow Corporation v.CT Page 2547-TJowdy, 190 Conn. 48, 56 (1983); Kenworthy v. Kenworthy, supra 132. The defendants offered the testimony of Paul Carbone, Housing Code Enforcement Officer for the City of Bridgeport where the premises in question were located, and as well as the testimony of the defendant Basil Young. The defendants offered twenty three exhibits into evidence. In addition the court considered the testimony of the witnesses at the original trial including that of Basil Young and Paul Carbone, the original trial exhibits as well as the findings and conclusions contained in the court's Memorandum of Decision. Gayle v.Young, SNBR-410, February 6, 1995, (Tierney, J.).
With these considerations in mind the court will turn to the file reasons stated by the defendants in support of their Motion to Open Judgment.
In the first reason the defendants asked the court to reconsider its conclusion that the non working furnace did not render the premises uninhabitable during the month of August 1994. The court will not reconsider its findings of fact or legal conclusions in regards to the furnace. The defendants have the burden to show in this non payment of a month to month residential tenancy that the premises were unfit and uninhabitable in the month of non payment. Visco v. Cody, 16 Conn. App. 444,454 (1988). This court found in the original trial: 1) the defendants failed to sustain their burden of proof, 2) the defendant's testimony regarding the premises being unfit and uninhabitable was not credible, 3) there was evidence at the trial from which a reasonable inference was made that the furnace was operable in August 1994, and 4) a non functioning furnace in August 1994, when the temperature did not go below the code mandated sixty five degrees, did not render the apartment unfit and uninhabitable in the month of non payment, August 1994.
The defendants point to section 16-21 of the Bridgeport Housing and Commercial Code which states that there must be a properly installed and functioning furnace capable of heating the premises to sixty five degrees. Even if the furnace was non functioning on August 1994, which the defendants did not prove in either of the two days or trial or three days of hearings on the motion to open the judgment, such a "code violation" did not render the apartment unfit and uninhabitable underVisco v. Cody standards.
The second reason requests the court reconsider its conclusions regarding the defendant, Basil Young's, credibility. A redetermination of credibility cannot support a motion to open a judgment. Acheson v.White, supra 215-216. The defendants failed to offer any credible CT Page 2547-U evidence in the motion to reopen hearing for the court to reverse or reconsider its findings regarding credibility. The court, at the trial, did make inquiry an order to clarify the record. The plaintiffs had offered evidence that the information the defendants wrote in the signed rental application was inconsistent with an eviction action entitledDean Place Associates v. Basil Young and Yvette Young, SPBR-9212 23426. After the court asked a few clarifying questions, counsel for the defendants objected to any further court questions. This court sustained that objection and asked no further questions. The court relied on the matters offered by the plaintiff in determining credibility.
The record is clear and the defendant's rights are protected. This court will not reconsider the credibility issue based on the questions asked by the court during trial. "Whether judges question witnesses, and the extent of such examination, lie within their sound discretion. They may ask questions on both direct and cross examination. Such questions may be necessary; 1) to clarify confusing testimony or to bring out fact's so as to ascertain the truth; 2) to intervene when a witness is embarrassed, reluctant, inarticulate, has a language problem or does not understand a question; or 3) to restrain an obstreperous or garrulous witness." Tate and LaPlante's, Handbook or ConnecticutEvidence, Second Edition Section 3.2.1, page 37; LaChase v. Sanders,142 Conn. 122, 125 (1955).
The third reason advanced by the defendants to open the judgment is the "court's denial of a reasonable continuance after granting Becker's motion to withdraw deprived the defendant of any reasonable opportunity to obtain new counsel and to allow counsel to prepare for the case." Court records show that after Attorney Becker was granted permission to withdraw and the case was assigned for trial to commence on December 9, 1994. The defendants appeared with new counsel who indicated that he was prepared to try the case. The trial was conducted on December 9, 1994 and December 12, 1994. At no time did the defendants individually or defendant's counsel request a continuance or any other opportunity to prepare the case. The defendants, who proceeded pro se on this motion to open judgment, did not offer the testimony of their trial counsel. No evidence was offered as to what "prejudice" the defendants suffered by participating in the trial on December 9th and 12th, 1994. The defendants cannot prevail on this issue.
The defendants claim that "the court incorrectly found that the landlord was not in violation of Connecticut General Statutes § 47a-7 and incorrectly failed to apply section 16-21 of the Bridgeport Housing and Commercial Code." In effect this is a request to retry the case. CT Page 2547-VDuhaime v. American Reserve Life Ins. Co., supra 364 Pulaski v.Ledwith, 5 Conn. App. 629, 631 (1985). The record is clear that the court found the defendants' claims of unfitness and uninhabitably not to be credible. The credible evidence did not demonstrate that the premises showed "actual or serious deprivation of the use contemplated by the parties to the lease." Conference Center Ltd. v. TRC, 139 Conn. 212,221 (1983). The considerations as to a finding of unfit and uninhabitability are; 1) the situation of the parties, 2) the character of the premises, 3) use for which the tenant actually or intends to put them, and 4) the nature and the extent by which the tenants use of the premises is interfered with by the injury claimed. DiBiaso v. Gargiulo,1993 Ct. Sup. 6721, 6723, July 9, 1993 (Riddle, J.). Conference CenterLtd. v. TRC, supra 221.
At the trial Paul Carbone, the Bridgeport Housing Code Inspector, testified that the code violations of April 12, 1994 would not render the apartment unfit except for the furnace situation, which was subject of a separate enforcement order. Mr. Carbone testified at the motion to open hearing and offered no evidence that the apartment was unfit in August 1994. No evidence was offered at the hearing as to the status of the apartment in the month of August. The issue in the trial was whether the apartment was unfit and uninhabitable in August 1994 when the non payment occurred, not in any month before or after. The defendants failed to sustain their burden of proof in that regard.
The defendants further claim in oral argument that the court did not consider a sewer or plumbing problem or problems. There was no evidence as to the sewer problem in August of 1994. The trial record indicates sewer problems in November of 1994. The post judgment hearing showed sewer problems in February 1995 which led the City of Bridgeport to issue a code violation order as to the plaintiff. Neither of these facts were relevant to whether or not the premises were unfit or uninhabitable in the month in which the non payment of rent occurred.
The defendant further offered evidence as to the following plumbing concerns; kitchen faucet leaking, bathroom faucets' handle reversed, bathroom faucets leaking, bathroom faucets turning in the opposite direction, toilets overflowing, bathrooms overflowing, bathtub overflowing, toilet handle not working and toilet closet not in proper repair. Photos were shown at the post judgment hearing which the defendant characterized as a toilet bowl full of brown liquid. The court had considered the trial evidence and based upon its review of that testimony, what the photographs showed and did not show, Mr. Carbone's opinion that the premises were not unfit and the court's weighing of the evidence and the court concluded that the deficiencies, CT Page 2547-W if any, were cosmetic and technical violations of the code and did not rise to the level of rendering the apartment unfit and uninhabitable.Visco v. Cody, supra 567. No credible evidence was offered at the post judgment hearing to show that these conclusions were in error. The defendant has not sustained their burden of proof as to this reason.
The defendant finally claims that the judgment should be opened for fraud. The court told the defendants that they had to demonstrate that evidence was not presented at the December 9, 1994 and December 12, 1994 trial by reason of fraudulent acts. The defendants insisted on arguing that the fraud occurred in November of 1993 when the premises were first rented. The defendants claim that the plaintiff either knew of the non operable furnace or should have known of its defective condition, as well as the other defective conditions on the premises and committed fraud by not notifying, the defendant prior to the taking occupancy on November 6, 1993. This is not the type of fraud which warrants a judgment being opened. Billington v. Billington, supra 217. Kenworthyv. Kenworthy, supra 131. The defendants at the December trial explored those claimed defects fully and claimed that the plaintiffs knew or should have known of those problems in November 1993. No new facts or issues were shown at the post judgment hearing. The defendant has failed in their burden of proof as to fraud. The court further finds that the defendant had full information at hand at the two days of trial to present to the court and did not diligently investigate and present their entire claims. Furthermore the facts presented at the post judgment hearing, even if believed, would not result in a "substantial likelihood that the result of a new trial would be different." Varleyv. Varley, supra 4.
The defendant raised a sixth issue in paragraph 5 of their motion. They claim that there were no factual findings by the court regarding the defendant's interference with the landlord's repair efforts. The defendants are correct that the portion of the February 6, 1995 Memorandum of Decision regarding "whether the tenants actions preventing access to the premises for repairs can prevent the tenant from successfully raising the statutory defense of unfit and uninhabitability in a non payment of rent summary process action", is dicta. The court so noted in page 19 of its decision. "Although not necessary for the decision in this matter. . .". Both counsel invited the court to render an opinion on the subject, since there were no reported cases concerning that issue. The pleadings raised the issue, the case was tried on that issue, counsel briefed the issue and both counsel requested a decision on that issue. The court took the liberty to render an opinion. That opinion is dicta. CT Page 2547-X
The defendants Motion to Open Judgment dated February 14, 1995 is denied.
The defendants filed the Motion to Open Judgment under Practice Book § 204A. As stated, the defendant filed no appeal and has relied on the motion to open the judgment to stay the appeal date. Practice Book§ 4009, Connecticut General Statutes § 47a-35. The court rendered an oral decision from the bench on March 8, 1995. Present in court at the time of rendering the oral decision was the plaintiff, his counsel of record and the two defendants, Basil Young and Yvette Young. The court indicated that the oral decision from the bench would be "the issuance of notice of the decision upon the motion" as set forth in Practice Book § 4009. Thereafter the court indicated that this March 8, 1995 oral decision would be followed by a written decision but that the written decision would not be "the issuance of notice of the decision upon the motion." There upon the court proceeded to render its oral decision on March 8, 1995 incorporating the facts, findings, considerations and authorities set forth in this written memorandum of decision. The Motion to Open Judgment dated February 14, 1995 was denied on the record on March 8, 1995.
The denial of the motion to reopen judgment is not interlocutory but rather final. State v. Fahey, 146 Conn. 55, 59 (1958). "While the granting of such a motion (to open a judgment) is not an appealable judgment, its denial is." Ostroski v. Ostroski, 135 Conn. 509, 511
(1949), State v. Fahey, supra 59.
BY THE COURT,
KEVIN TIERNEY, JUDGE