[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, representing herself pro se, has filed two identical motions entitled "Motion to Restore Alimony and Child Support." One motion was filed in October, 1994, the second in August, 1995. The relief requested in the motions is that the court "set aside the agreement of February 12, 1994" and "reinstate alimony and child support as per order of November 12, 1992, and indeed, make that order retroactive to February 12, 1994."
The file reveals that the marriage of the parties was dissolved on April 29, 1988 and the defendant was ordered to pay the plaintiff $75. per week alimony and $60. per week as child support for each of the two children. On November 12, 1992, the parties stipulated that the minor child David would reside with his father while the minor child Marc would reside with his mother. The parties further stipulated that the defendant would pay the plaintiff $35. per week as child support for Marc.
Thereafter, the defendant moved to modify alimony and child support on the basis that his income had substantially decreased while plaintiff's income had increased. On February 14, 1994, the parties stipulated with respect to this motion that alimony would be reduced to $5. per week and child support to $25. per week and a hearing on the defendant's motion would be held in mid-August. The court (Harrigan, J.) ordered modification of the judgment in accordance with the stipulation. In August, when the parties reappeared, the plaintiff asked for a continuance to review documents provided by the defendant. The hearing was never resumed and the defendant is no longer pressing his CT Page 12334 motion.
The defendant objects to the plaintiff's motions as untimely in that they seek to set aside a judgment, but are filed more than four months after the stipulated judgment. General Statutes § 52-212a provides in pertinent part:
 Unless otherwise provided by law . . . a civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed.
The statute has been applied to family cases as well as civil cases. See, e.g., Kenworthy v. Kenworthy, 180 Conn. 129 (1980);Gallagher v. Gallagher, 29 Conn. App. 482 (1992). Unless it can be shown that the stipulation was obtained by fraud or without actual consent or by mutual mistake, the judgment cannot later be opened after the four month period without the consent of the parties. Kenworthy v. Kenworthy, supra, 131. The pro se plaintiff's motion does not allege fraud, mutual mistake or lack of actual consent and it is clear from the plaintiff's statements in court that what she seeks is a hearing as to whether the change in the defendant's employment, which apparently caused the reduction in income which led to his motion to modify, was a voluntary change or one necessitated by Mr. Jones' medical condition.
The motions to restore must be understood as motions to set aside a judgment because setting aside the modification of judgment on February 14, 1994 is the very first order sought. The motions must be denied because they were not filed within four months from February 14, 1994, as required by statute. Insofar as plaintiff seeks to modify the alimony and support orders currently in effect, she should file a motion to modify, the proper motion by which to address the issue she seeks to raise.
/s/ Vertefeuille, J.