[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: DEFENDANT'S MOTION TO OPEN JUDGMENT
The court has before it the defendant's motion to open a default judgment entered against him by default on March 6, 1989 whereby he was adjudged to be the father of the plaintiff's minor child, Oaunig Benedict, born March 10, 1988.
The defendant previously filed a Motion To Reopen Judgment on June 30, 1989 which was denied by this court (Heiman, J.) on July 17, 1989. The defendant took no appeal from Judge Heiman's 1989 ruling.
The instant motion was filed on October 16, 1997. It alleges, inter alia, that the plaintiff has perpetrated a fraud on the court and on the State of Connecticut by having alleged that the defendant is the father when in fact she has had doubts about his paternity since before the child was even born.
Allegations of fraud can be raised at any time for the CT Page 3575 purpose of setting aside a judgment of this court. Kenworthyvs. Kenworthy, 180 Conn. 129 (1980).
The movant has the burden of establishing the fraud. Unless and until fraud is established, the court is without jurisdiction to open a judgment after four months.
During the instant hearings, the defendant offered considerable evidence and testimony concerning the issue of whether or not the defendant was the father of the minor child. Great care must be given, however, to distinguish between evidence which might have been extremely helpful in determining whether the defendant is the father and evidence which tends to show that the plaintiff committed a fraud on the defendant and or the court.
The power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgments; hence, judgments obtained by fraud may be attacked at any time. Kenworthy, supra, p. 131.
The elements of a fraud action are (1) a false representation made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; (4) the other party relied upon the statement to his detriment. Maturo vs. Gerard,196 Conn. 184, 587 (1985), as cited in Billington vs. Billington,220 Conn. 212, 217 (1991).
Fraud consists in deception practiced in order to induce another party to part with property or surrender some legal right, and which accomplishes the end designed. Billington, supra, p. 217.
Fraud is not presumed and must be strictly proven. The evidence must be clear, concise and unequivocal. Connell vs.Colwell, 214 Conn. 242, 252 (1990).
Although the law will intervene to insure that substantial justice is done where fraud has been perpetrated, the frequency and extent of this intervention must be tempered by a sometimes conflicting adjudicative proposition that mandates the ultimate conclusion of all legal controversy. Thus, the setting aside of a judgment on the basis of fraud "will only be granted if the [movant] is not barred by ANY OF THE FOLLOWING RESTRICTIONS: (1) CT Page 3576 there must be no laches or unreasonable delay by the injured party after the fraud was discovered. (2) There must have been diligence . . . in trying to discover and expose the fraud. (3) There must be clear proof of perjury or fraud. (4) There must be a substantial likelihood that the result of a new trial will be different." James, Civil Procedure (1965) Sec. 117, pp. 540-42, as cited in Juker vs. Juker, 190 Conn. 674, 677 (1983), (emphasis added).
In the instant case, the movant conceded in his testimony that not only he, but many other persons, had genuine doubts that he was the actual father of the child EVEN BEFORE IT WAS BORN. The evidence is unrefuted that he did not raise the issue of paternity in any pleading either at the time the judgment entered against him or in the hearing held to open the judgment several months after the judgment entered.
This permits the court to find that not only was he not fraudulently induced into believing that he was the father by the statements of the plaintiff, but also that he did not act with due diligence, by any stretch of the imagination when he waited over eight years after being made aware of the judgment of paternity before making his first claim of fraud on the part of the plaintiff.
This court has conducted a hearing to provide the parties with and opportunity to present evidence and to cross-examine adverse witnesses as required by Kenworthy, supra, p. 132. The movant has failed to meet his burden of proof to establish his claim that the plaintiff defrauded him or the Superior Court.
See Gatling vs. Gatling, Waterbury Superior Court Docket No. 52272 (August 8, 1990, Harrigan, J.) wherein the court denied the movant's motion to open judgment of paternity because it was filed thirteen years after the judgment was rendered and the movant failed to exercise diligence in exposing any fraud on the [mother's] part.
For the foregoing reasons, the court hereby denies the defendant's motion to open the judgment of paternity dated March 6, 1989.
By The Court,
J.W. Doherty, Judge CT Page 3577