[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter now presents itself to the Superior Court for the third time after two Superior Court decisions and one Appellate Court decision. The plaintiff, Suzanne M. Searles, filed this matter on August 29, 1990,[1] appealing the decision of the West Hartford Board of Education terminating her teaching contract. On July 29, 1991, after a hearing, the court, Purtill,J., dismissed the matter finding that due to late service, the court lacked subject matter jurisdiction. A motion to set aside that decision was filed on August 16, 1991, but then withdrawn by counsel on October 8, 1991.
On April 15, 1994, the plaintiff moved to open the judgment; and on July 26, 1994, the court, Sheldon, J., denied the motion finding that the motion to open was not timely as the motion was not filed within four months after the judgment was entered. See General Statutes § 52-212a; Practice Book § 17-4
(formerly § 326). Judge Sheldon stated that he offered no opinion on the merits of the substantive and procedural claims advanced by the plaintiff. This decision as well as that of Judge Purtill were appealed to the Appellate Court on August 5, 1994, and on January 9, 1996, the Appellate Court issued a per curium CT Page 3751 decision affirming the dismissal. The plaintiffs motion for reargument or reconsideration was filed on January 16, 1996, but denied on February 7, 1996. A petition for certification to appeal was filed on February 26, 1996, but was denied on April 1, 1996.
Simultaneously with the state court process, the plaintiff also sought review of the town's decision in federal court. This court has apparently received some of the filings in the federal process. It appears that United States District Court Judge Peter Dorsey ruled against the plaintiff, and his rulings were upheld by the United States Court of Appeals for the Second Circuit on June 3, 1994. That court noted that her claims were time barred.
On January 10, 2000, the plaintiff filed a motion to open the judgment alleging that fraud had been committed in obtaining the prior rulings. As a result of that accusation, even in light of the prior motion to open an appellate review of this case, this court held hearings on both February 29, 2000 and March 23, 2000. Allegations of fraud on the court are serious, and this court has a duty to review such matters. "The power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgments; hence judgments obtained by fraud may be attached at any time.Kenworthy v. Kenworthy, 180 Conn. 129, 131, 429 A.2d 837 (1980). The plaintiff argued that, inter alia, fraud was committed because the complaint contains two file dates, the sheriff serving the papers did not serve or return them to court promptly, certain documents were kept out of evidence at her initial hearing before the town board and, ultimately, her case was dismissed.
After review of these allegations, this court finds that it must deny the requested relief. First, this court notes that all these issues were clearly covered by Judge Purtill in his 1991 decision. Moreover, this court notes that they were also raised in the motion to open presented to Judge Sheldon and, further, that they were briefed in the appeal before the Appellate court. Hence, the primary reason to conduct this review, namely the new allegations of fraud, simply has not been proven as the allegations are reiteration of matters already presented, argued and decided before the court.
Inasmuch as the allegations of fraud contain nothing not previously reviewed, this court finds, as did Judge Sheldon, that CT Page 3752 the motion to open is not timely filed pursuant to the four month rule of General Statutes § 52-212 and Practice Book §17-4. While there is authority for the court independently to open a judgment after the four months if obtained by fraud; seeKenworthy v. Kenworthy, supra, 180 Conn. 131; as noted, this is not the case here. Simply put, Judge Purtill dismissed the case for lack of subject matter jurisdiction, and the plaintiff neither appealed that decision nor timely moved to open the judgment. This court thus lacks jurisdiction to entertain the present motion filed more than four months after the decision was rendered; see Van Mecklenburg v. Pan American World Airways,Inc., 196 Conn. 517, 518, 494 A.2d 549 (1985); and, accordingly, the motion must be denied.
Berger, J.