[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In the above-captioned, the parties received a dissolution of their marriage on June 8, 1999. At that time the court ordered, inter alia, that the defendant pay to the plaintiff $100.00 per week alimony until the death of either party or the remarriage of the plaintiff. Said alimony was modifiable as to amount if the plaintiff cohabited as per Connecticut General Statutes § 46-86 (b). Since October 1998 the plaintiff has been living with Salvatore Attinello.
By motion dated April 14, 2000 the defendant moved to open and modify the aforesaid judgment based on fraud.
By amended motion dated June 7, 2000 defendant moved to open and modify the aforesaid judgment on the grounds that the plaintiff has been cohabitating with Salvatore Attinello.
The plaintiff's motion for contempt was satisfied by the court's order CT Page 8426 that the alimony withheld by defendant's attorney without court authority be sent to plaintiff's attorney subject to the method of disposing same.
 I
Defendant's motion to open and modify the judgment based on fraud is denied.
Notwithstanding the testimony of the parties' attorneys which differed as to what was said, prior to the judgment of dissolution, concerning whether plaintiff was cohabitating, the defendant testified that he knew the plaintiff was living with Salvatore Attinello. It is more probable than not that the defendant advised his attorney of plaintiff's relationship with Attinello. Therefore, it is doubtful that the defendant relied on any alleged claim by the plaintiff or her attorney that she was not living with Attinello at the time judgment of dissolution was entered in the above-captioned. Therefore, the required elements of fraud, have not been proved by clear and convincing evidence (see Kenworthy v.Kenworthy, 180 Conn. 129, 131 (1980)).
 II
There is no doubt that the plaintiff had been living with Attinello since October 1998 and on June 8, 1999 when judgment of dissolution was entered. However, pursuant to Connecticut General Statutes § 46-86 (b) that fact alone is not sufficient to justify modification of any alimony order. Said statute also requires that the living arrangements cause such a change in circumstances as to alter the financial needs of that party. A substantial change in such circumstances is not required.
Plaintiff's net weekly income at the time of the dissolution of her marriage to the defendant was about $169.00. She has not made any effort to supplement her income and admitted that she couldn't live as well as she is living with Attinello on her income. Her life style certainly has changed since she began living with Attinello. She continues to gamble at the casinos; has been on many vacations with Attinello which she testified she could not afford before living with Attinello. Although Attinello and the plaintiff testified they shared living expenses, this court is convinced that plaintiff's living arrangements with Attinello have caused a change in circumstances so as to alter the financial needs of the plaintiff. Accordingly, the award of alimony to the plaintiff is modified to $1.00 per year effective June 7, 2000 until further order of the court. Further, the balance of the alimony being held by plaintiff's attorney is ordered returned to the defendant and his attorney.
Vasington, J.T.R. CT Page 8427